FILED
NOV 29 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. 17-2682 *SEALED* |

## MEMORANDUM ORDER

By an application filed on July 25, 2017 in Miscellaneous No. 17-1756, the United States Attorney sought an order directing Royal Caribbean Cruises, Ltd. to disclose subscriber and transactional records pertaining to an internet protocol address, pursuant to 18 U.S.C. § 2703(d). By an order filed on July 31, 2017, the undersigned stayed consideration of the application pending supplementation of the application by the United States Attorney to address three issues enumerated in the order, the first of which was:

> 1) What authority supports the assertion that [Royal Caribbean Cruises, Ltd.] is "a provider of electronic communication or remote computing service" or a provider of "remote computing service" within the meaning of Section 2703(c) of Title 18?

Order at 2 (ECF No. 2, Case 1:17-mc-01756).

The United States Attorney did not supplement the application in Miscellaneous No. 17-1756, and instead, one month later, withdrew the application. Notice of Withdrawal of Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d) (ECF No. 3, Case 1:17-mc-1756).

Two months thereafter, on October 20, 2017, the United States Attorney filed an "Amended Application" in the above-captioned miscellaneous number. In it, the United States Attorney offers a two-paragraph discussion of the first of the three issues enumerated by the undersigned in the order filed on July 31, 2017. In the discussion, the United States Attorney

1

effectively concedes that Royal Caribbean Cruises, Ltd. is neither "a provider of electronic communication service" nor a "provider of remote computing service[,]" and argues that "[a] company can be a 'provider of electronic communication service' regardless of the company's primary business or function." Amended Application at 4. In support of that proposition, the United States Attorney relies principally upon a 2003 opinion of a panel of the Third Circuit. In that opinion, *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107 (3d Cir. 2003), an appellate panel, *inter alia*, affirmed the lower court's determination that the appellant was not entitled to damages -- under either the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C.A. § 2701(c)(1), or a parallel state statute -- for his employer's review of his e-mails which were stored on his employer's servers. In so holding, the panel found that because the appellant's e-mails were stored on his employer's servers, the employer's search of the appellant's e-mails fell within the Section 2701(c)(1) exception to liability under the ECPA. *Id.* at 114-15.[1]

The undersigned therefore regards the holding in *Fraser* as one to be confined to that case, and cannot rely on it for the broader proposition urged by the United States Attorney, *i.e.*, that any business which provides web access as a convenience becomes a "provider of electronic communication service" or a "provider of remote computing service[.]" If this proposition were carried to its logical conclusion, then every entity which now offers free WiFi would be rendered

---

[1] The United States Attorney also cites *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311 (D.D.C. 2011), as authority for the argument that Royal Caribbean Cruises, Ltd. should be deemed "a provider of electronic communication service" within the meaning of Stored Communications Act. However, this Court made no such finding in the cited case; rather, this Court found only that the plaintiffs had made the requisite showing in support of their motion for leave to amend their complaint to add a claim for damages under the ECPA. *Id.* at 330.

a "provider" for Section 2703 purposes.[2] The undersigned cannot conclude that such a result would be consistent with the intent of Congress in enacting the Stored Communications Act.[3]

Given this determination, the undersigned has no occasion to address herein the United States Attorney's responses to the remaining issues enumerated by the undersigned in the July 31, 2017 Order. *See* Order at 2 (ECF No. 2, Case 1:17-mc-01756).

On the basis of these findings, it is, this 29th day of November, 2017,

**ORDERED** that the Amended Application of the United States of America for an Order Pursuant to 18 U.S.C. 2703(d) (ECF No. 1) is **DENIED**.

DEBORAH A. ROBINSON
United States Magistrate Judge

---

[2] Indeed, free WiFi is provided in this very courthouse. A contention that the United States District Court for the District of Columbia therefore is a "provider of electronic communication service" or a "provider of remote computing service" likely would be viewed with disbelief.

[3] Another District Court recently observed -- albeit in the context of a private action pursuant to the ECPA -- that "the majority of courts addressing this question interpret the ECPA and the SCA to encompass only traditional "electronic communications services" such as internet service providers, electronic mail providers, telecommunications companies, and remote computing services." *Priority Payment Systems, LLC v. Intrend Software Solutions*, Civil Action No. 15-4140, 2016 WL 8809877, *6 (N.D. Ga. Nov. 28, 2016). In this opinion, the court distinguishes "those entities that sell access to the internet" from "those that sell goods or services on the internet or otherwise make use of internet services to conduct their day to day business activities." *Id.* However, the undersigned concludes that the pending application effectively proposes a third category, *i.e.*, entities which offer free WiFi as a convenience. This third category, the undersigned finds, is even further removed from the statutory definition than the second category, *i.e.*, entities "that sell goods or services on the internet or otherwise make use of internet services to conduct their day to day business activities."